ALAN J. HART (SBN 278645)
BENJAMIN M. WIGLEY (SBN 329736)
**ROPERS MAJESKI PC**
445 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone: 213.312.2000
Facsimile: 213.312.2001
Email: alan.hart@ropers.com
Email: benjamin.wigley@ropers.com

Attorneys for Defendant JARVAN SHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCG ENERGY, LLC, a California limited liability company; and OCG CREDIT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JARVAN SHEN, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.<br><br>*Formerly Orange County Superior Court Case No.* 30-2022-01271059-CU-FR-CJC<br><br>**DEFENDANT JARVAN SHEN'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) [DIVERSITY JURISDICTION]**<br><br>**DEMAND FOR JURY TRIAL [Fed. R. Civ. Proc., Rule 38(a)]**<br><br>*[Filed concurrently with Declaration of Alan J. Hart, Declaration of Jarvan Shen, Certificate of Interested Parties and Request for Judicial Notice]*<br><br>Complaint Filed: July 20, 2022 |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD IN THIS ACTION, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant JARVAN SHEN ("Defendant" or "SHEN") hereby removes to the United States District Court for the Central District of California, the State Court action described below:

4882-5849-8826.2

1. On July 20, 2022, Plaintiffs OCG ENERGY, LLC, a California limited liability company, and OCG CREDIT, LLC, a California limited liability company (hereinafter "Plaintiffs") filed this action in the Superior Court for the State of California, in and for the County of Orange, Case No. 30-2022-01271059-CU-FR-CJC, entitled *OCG ENERGY, LLC; et al. v. JARVAN SHEN; et al*. Declaration of Alan J. Hart ("Hart Decl.") ¶ 3. A true and correct copy of the Summons and Complaint are attached as Exhibit A to the Declaration of Alan J. Hart.

2. The Summons and Complaint were served upon JARVAN SHEN on August 1, 2022. Hart Decl., ¶ 4.

3. Pursuant to 28 U.S.C. section 1446, subdivision (a), the documents set forth in Exhibits A-C to the Declaration of Alan J. Hart constitute all of the process, pleadings, and orders received in this action.

4. Plaintiffs' lawsuit against Shen alleges causes of action for intentional misrepresentation, negligent misrepresentation, fraudulent concealment, violations of Cal. Corp. Code § 25401 *et seq*. Hart Decl., Exh. A.

5. A civil action brought in state court of which the federal court has original jurisdiction may be removed to the district court for the district embracing the place where such action is pending. 28 U.S.C. § 1441(a). Federal courts have jurisdiction over controversies before "Citizens of different states," pursuant to 28 U.S.C. Section 1332 (a)(1) and Article III, Section 2, of the U.S. Constitution. *Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 460-61 (1980). Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000 (C.D. Cal. 2002).

6. "This calculation takes into account claims for 'general' damages and 'special' damages (pain and suffering, as well as out-of-pocket loss)." *Richmond v.*

*Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995). The removing party "need not predict the trier of fact's eventual award with one hundred percent accuracy." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Instead, in measuring the amount in controversy, the Court must "assum[e] that the allegations of the complaint are true and assum[e] that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997); *see Kenneth Rothschild Trust*, 199 F.Supp.2d at 1001; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the amount in controversy analysis presumes that "plaintiff prevails on liability").

7. The determination of citizenship for diversity purposes is governed by federal rather than state law. *Rockwell Int'l Credit Corp. v. Unites States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). For diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F2d 1088, 1090 (9th Cir. 1983). The court looks at an individuals domicile at the time the lawsuit was filed. *See id.* A person legally capable of selecting his or her own domicile does so by establishing (i) some physical presence in a new location (ii) with intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

8. "In determining whether removal is proper, a court may consider any evidence so long as it reveals the situation that existed when the case was removed." *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464, *3 (N.D.

Cal. Nov. 4, 2003). For that reason, the Court's inquiry into the citizenship of the parties and the amount in controversy is not confined to the face of the complaint. *Valdez*, 372 F.3d at 1117. In addition to the complaint, the district court may properly consider "facts in the removal petition," as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

9. The substantive law of California applies to this diversity action. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995). In their Complaint, Plaintiffs allege Defendant fraudulently misrepresented facts material to Plaintiffs' investment in an oil and gas company. Hart Decl., Exh. A at ¶¶ 6-7. Further, Plaintiffs allege Defendant failed to record mortgage and assignment of rents and profits in favor of Plaintiffs in a timely fashion. *Id.*, ¶¶ 17, 19. Plaintiffs also allege Defendant misled Plaintiffs as to the value of the oil and gas company ("BCF Resources, LLC"). *Id.*, ¶ 23. In particular, Plaintiffs allege that Defendant hid an encumbrance to the title of the land upon which BCF Resources, LLC planned to drill. *Id.*, ¶ 23. Plaintiffs' Complaint seeks general and compensatory damages, punitive or exemplary damages, an order rescinding the sale of the securities and ordering Defendant to pay to Plaintiffs the amount of consideration paid for the securities plus interest (at least $6 million), and attorneys' fees. *Id.*, ¶¶ 33, 40, 47 & Prayer for Relief Nos. A-G.

10. The District Court has original jurisdiction over this civil action under 28 U.S.C. § 1332. The face of the Complaint alleges that Plaintiff seeks an order rescinding the sale of the securities totaling at least $6 million. Hart Decl., Exh. A, ¶¶ 33, 40, 47 & Prayer No. C (alleging damages in an amount to be proven at trial). Therefore, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs.

11. Additionally, complete diversity exists between the parties in this action:

    a. At the time of the filing of this action in Los Angeles Superior Court and at the time of this removal, Shen was, and is, a citizen of Texas. Declaration of Jarvan Shen, ¶ 2; Hart Decl., ¶ 6. Shen is domiciled in Texas because he resides there with an intent to remain there indefinitely, is registered to vote in Texas, has a Texas issued driver's license with his automobile registered in Texas and files taxes in Texas. Shen Decl., ¶ 3. Shen also intends to remain in Texas indefinitely. *Id.*

    b. At the time of the filing of this action in Los Angeles Superior Court and at the time of this removal, Plaintiffs were, and are, citizens of California. Hart Decl., ¶ 7; RFJN, ¶¶ 1-2 & Exhs. C-D.

    c. The citizenship of the fictitious DOE defendants 1 through 20 are disregarded pursuant to 28 U.S.C. § 1441(b)(1). 28 USC § 1441(a); *Soliman*, 311 F.3d at 971. Named defendants have no obligation to disclose the identity of Doe defendants before discovery (*Newcombe*, 157 F.3d at 690-91), or to negate the existence of a potential defendant whose presence would destroy diversity. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Therefore, inclusion of "Doe" defendants in the Complaint has no effect on removability. *Newcombe*, 157 F.3d at 690-91.

Accordingly, there is complete diversity of citizenship between the parties— citizens of the States of California and Texas.

12. Consequently, this action may be removed to this Court, pursuant to 28 U.S.C. §1441, subdivision (b), because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. §1332 (a)(1)(c)(1).

13. A true and correct copy of this Notice of Removal shall be contemporaneously filed in the office of the clerk for the Superior Court of Orange

County.

Dated: August 22, 2022					ROPERS MAJESKI PC

							By: /s/ Alan J. Hart
							ALAN J. HART
							BENJAMIN M. WIGLEY
							Attorneys for Defendant
							JARVAN SHEN

## DEMAND FOR JURY TRIAL

Defendant JARVAN SHEN hereby demands a trial by jury, pursuant to Rule 38, subdivision (a), of the Federal Rules of Civil Procedure.

Dated: August 22, 2022					ROPERS MAJESKI PC

							By: /s/ Alan J. Hart
							ALAN J. HART
							BENJAMIN M. WIGLEY
							Attorneys for Defendant
							JARVAN SHEN

# EXHIBIT A

```
ALAN J. HART (SBN 278645)
BENJAMIN M. WIGLEY (SBN 329736)
ROPERS MAJESKI PC
445 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone:    213.312.2000
Facsimile:    213.312.2001
Email:  alan.hart@ropers.com
Email:  benjamin.wigley@ropers.com
```

Attorneys for Defendant JARVAN SHEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| OCG ENERGY, LLC, a California limited liability company; and OCG CREDIT, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JARVAN SHEN, an individual; and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 30-2022-01271059-CU-FR-CJC <br><br> *Hon. John C. Gastelum – Dept. C11* <br><br> **DEFENDANT JARVAN SHEN 'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(b) AND 1446 [DIVERSITY JURISDICTION]** <br><br> Complaint Filed:  July 20, 2022 |

**TO THE CLERK OF THE COURT AND TO ALL PARTIES HEREIN:**

PLEASE TAKE NOTICE that Defendant JARVAN SHEN ("Defendant") has filed in the United States District Court for the Central District of California, a Notice of Removal of Civil Action to the District Court and a Demand for Jury Trial, for the above-captioned action, pursuant to 28 U.S.C. §§1441(b), and 1446.

A copy of such Notice of Removal, and its concurrently filed documents, are attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446 subdivision (d), the filing of the attached Notice of Removal and Demand for Jury Trial in the United States

4889-4929-4894.1

District Court, Central District together with this Notice filed in this Court, effects the removal of this Complaint and action, and this Court is requested to proceed no further, unless and until this case is remanded to the Superior Court of the State of California

Dated: August 11, 2022                              ROPERS MAJESKI PC

By: _____
ALAN J. HART
BENJAMIN M. WIGLEY
Attorneys for Defendant
JARVAN SHEN

# EXHIBIT "A"

ALAN J. HART (SBN 278645)
BENJAMIN M. WIGLEY (SBN 329736)
**ROPERS MAJESKI PC**
445 South Figueroa Street, Suite 3100
Los Angeles, California 90071
Telephone: 213.312.2000
Facsimile: 213.312.2001
Email: alan.hart@ropers.com
Email: benjamin.wigley@ropers.com

Attorneys for Defendant JARVAN SHEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCG ENERGY, LLC, a California limited liability company; and OCG CREDIT, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JARVAN SHEN, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.<br><br>*Formerly Orange County Superior Court Case No.* 30-2022-01271059-CU-FR-CJC<br><br>**DEFENDANT JARVAN SHEN'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) [DIVERSITY JURISDICTION]**<br><br>**DEMAND FOR JURY TRIAL [Fed. R. Civ. Proc., Rule 38(a)]**<br><br>*[Filed concurrently with Declaration of Alan J. Hart, Declaration of Jarvan Shen, Certificate of Interested Parties and Request for Judicial Notice]*<br><br>Complaint Filed: July 20, 2022 |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD IN THIS ACTION, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant JARVAN SHEN ("Defendant" or "SHEN") hereby removes to the United States District Court for the Central District of California, the State Court action described below:

4882-5849-8826.2

1. On July 20, 2022, Plaintiffs OCG ENERGY, LLC, a California limited liability company, and OCG CREDIT, LLC, a California limited liability company (hereinafter "Plaintiffs") filed this action in the Superior Court for the State of California, in and for the County of Orange, Case No. 30-2022-01271059-CU-FR-CJC, entitled *OCG ENERGY, LLC; et al. v. JARVAN SHEN; et al*. Declaration of Alan J. Hart ("Hart Decl.") ¶ 3. A true and correct copy of the Summons and Complaint are attached as Exhibit A to the Declaration of Alan J. Hart.

2. The Summons and Complaint were served upon JARVAN SHEN on August 1, 2022. Hart Decl., ¶ 4.

3. Pursuant to 28 U.S.C. section 1446, subdivision (a), the documents set forth in Exhibits A-C to the Declaration of Alan J. Hart constitute all of the process, pleadings, and orders received in this action.

4. Plaintiffs' lawsuit against Shen alleges causes of action for intentional misrepresentation, negligent misrepresentation, fraudulent concealment, violations of Cal. Corp. Code § 25401 *et seq*. Hart Decl., Exh. A.

5. A civil action brought in state court of which the federal court has original jurisdiction may be removed to the district court for the district embracing the place where such action is pending. 28 U.S.C. § 1441(a). Federal courts have jurisdiction over controversies before "Citizens of different states," pursuant to 28 U.S.C. Section 1332 (a)(1) and Article III, Section 2, of the U.S. Constitution. *Navarro Sav. Assn. v. Lee*, 446 U.S. 458, 460-61 (1980). Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000 (C.D. Cal. 2002).

6. "This calculation takes into account claims for 'general' damages and 'special' damages (pain and suffering, as well as out-of-pocket loss)." *Richmond v.*

*Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995). The removing party "need not predict the trier of fact's eventual award with one hundred percent accuracy." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Instead, in measuring the amount in controversy, the Court must "assum[e] that the allegations of the complaint are true and assum[e] that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997); *see Kenneth Rothschild Trust*, 199 F.Supp.2d at 1001; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the amount in controversy analysis presumes that "plaintiff prevails on liability").

7. The determination of citizenship for diversity purposes is governed by federal rather than state law. *Rockwell Int'l Credit Corp. v. Unites States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). For diversity purposes, a natural person must be both a citizen of the United States and a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F2d 1088, 1090 (9th Cir. 1983). The court looks at an individuals domicile at the time the lawsuit was filed. *See id.* A person legally capable of selecting his or her own domicile does so by establishing (i) some physical presence in a new location (ii) with intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

8. "In determining whether removal is proper, a court may consider any evidence so long as it reveals the situation that existed when the case was removed." *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464, *3 (N.D.

Cal. Nov. 4, 2003). For that reason, the Court's inquiry into the citizenship of the parties and the amount in controversy is not confined to the face of the complaint. *Valdez*, 372 F.3d at 1117. In addition to the complaint, the district court may properly consider "facts in the removal petition," as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

9. The substantive law of California applies to this diversity action. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995). In their Complaint, Plaintiffs allege Defendant fraudulently misrepresented facts material to Plaintiffs' investment in an oil and gas company. Hart Decl., Exh. A at ¶¶ 6-7. Further, Plaintiffs allege Defendant failed to record mortgage and assignment of rents and profits in favor of Plaintiffs in a timely fashion. *Id.*, ¶¶ 17, 19. Plaintiffs also allege Defendant misled Plaintiffs as to the value of the oil and gas company ("BCF Resources, LLC"). *Id.*, ¶ 23. In particular, Plaintiffs allege that Defendant hid an encumbrance to the title of the land upon which BCF Resources, LLC planned to drill. *Id.*, ¶ 23. Plaintiffs' Complaint seeks general and compensatory damages, punitive or exemplary damages, an order rescinding the sale of the securities and ordering Defendant to pay to Plaintiffs the amount of consideration paid for the securities plus interest (at least $6 million), and attorneys' fees. *Id.*, ¶¶ 33, 40, 47 & Prayer for Relief Nos. A-G.

10. The District Court has original jurisdiction over this civil action under 28 U.S.C. § 1332. The face of the Complaint alleges that Plaintiff seeks an order rescinding the sale of the securities totaling at least $6 million. Hart Decl., Exh. A, ¶¶ 33, 40, 47 & Prayer No. C (alleging damages in an amount to be proven at trial). Therefore, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs.

11. Additionally, complete diversity exists between the parties in this action:

    a. At the time of the filing of this action in Los Angeles Superior Court and at the time of this removal, Shen was, and is, a citizen of Texas. Declaration of Jarvan Shen, ¶ 2; Hart Decl., ¶ 6. Shen is domiciled in Texas because he resides there with an intent to remain there indefinitely, is registered to vote in Texas, has a Texas issued driver's license with his automobile registered in Texas and files taxes in Texas. Shen Decl., ¶ 3. Shen also intends to remain in Texas indefinitely. *Id.*

    b. At the time of the filing of this action in Los Angeles Superior Court and at the time of this removal, Plaintiffs were, and are, citizens of California. Hart Decl., ¶ 7; RFJN, ¶¶ 1-2 & Exhs. C-D.

    c. The citizenship of the fictitious DOE defendants 1 through 20 are disregarded pursuant to 28 U.S.C. § 1441(b)(1). 28 USC § 1441(a); *Soliman*, 311 F.3d at 971. Named defendants have no obligation to disclose the identity of Doe defendants before discovery (*Newcombe*, 157 F.3d at 690-91), or to negate the existence of a potential defendant whose presence would destroy diversity. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Therefore, inclusion of "Doe" defendants in the Complaint has no effect on removability. *Newcombe*, 157 F.3d at 690-91.

Accordingly, there is complete diversity of citizenship between the parties—citizens of the States of California and Texas.

12. Consequently, this action may be removed to this Court, pursuant to 28 U.S.C. §1441, subdivision (b), because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. §1332 (a)(1)(c)(1).

13. A true and correct copy of this Notice of Removal shall be contemporaneously filed in the office of the clerk for the Superior Court of Orange

County.

Dated: August 22, 2022                                     ROPERS MAJESKI PC

By: _____
ALAN J. HART
BENJAMIN M. WIGLEY
Attorneys for Defendant
JARVAN SHEN

## DEMAND FOR JURY TRIAL

Defendant JARVAN SHEN hereby demands a trial by jury, pursuant to Rule 38, subdivision (a), of the Federal Rules of Civil Procedure.

Dated: August 22, 2022                                     ROPERS MAJESKI PC

By: _____
ALAN J. HART
BENJAMIN M. WIGLEY
Attorneys for Defendant
JARVAN SHEN

4882-5849-8826.2

- 6 -

**NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT**

| | |
|---|---|
| **CASE NAME:** | ***OCG ENERGY, LLC v. JARVAN SHEN; et al.*** |
| **ACTION NO.:** | USDC No. *Pending* <br> LASC No. 30-2022-01271059-CU-FR-CJC |

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

**DEFENDANT JARVAN SHEN'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL [Fed. R. Civ. Proc., Rule 38(a)]**

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel:

☒ **Electronically Serviced Through ECF to:**

| | |
|---|---|
| Scott B. Lieberman, Esq. <br> Kayla Y. Wales, Esq. <br> **FINLAYSON TOFFER ROOSEVELT & LILLY LLP** <br> 15615 Alton Parkway, Suite 270 <br> Irvine, California 92618 <br> Tel: 949-759-3810 <br> Fax: 949-759-3812 <br> Email: slieberman@ftrlfirm.com <br> Email: kwales@ftrlfirm.com | Attorneys for Plaintiffs OCG ENERGY, LLC and OCG CREDIT, LLC |

☐ **Served By United States Mail:**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 22, 2022

*Keiko T. Kakiuchi* (signature)

Keiko T. Kakiuchi

| | |
|---|---|
| CASE NAME: | *OCG ENERGY, LLC v. JARVAN SHEN; et al.* |
| ACTION NO.: | USDC No. *Pending* <br> LASC No. 30-2022-01271059-CU-FR-CJC |

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

**DEFENDANT JARVAN SHEN'S NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL [Fed. R. Civ. Proc., Rule 38(a)]**

was filed with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel:

☒ **Electronically Serviced Through ECF to:**

| | |
|---|---|
| Scott B. Lieberman, Esq. <br> Kayla Y. Wales, Esq. <br> **FINLAYSON TOFFER ROOSEVELT & LILLY LLP** <br> 15615 Alton Parkway, Suite 270 <br> Irvine, California 92618 <br> Tel: 949-759-3810 <br> Fax: 949-759-3812 <br> Email: slieberman@ftrlfirm.com <br> Email: kwales@ftrlfirm.com | Attorneys for Plaintiffs OCG ENERGY, LLC and OCG CREDIT, LLC |

☐ **Served By United States Mail:**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 22, 2022

*Keiko T. Kakiuchi* (signature)
Keiko T. Kakiuchi

4853-4992-7470.1

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT