UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT [51]**

Before the court is Defendant Jarvan Shen's ("Defendant Shen") Motion for Summary Judgment.  (Dkt. 51 ("Motion" or "Mot.").)  Plaintiffs OCG Credit, LLC ("OCG Credit") and OCG Energy, LLC ("OCG Energy") (collectively, "Plaintiffs") oppose the Motion.  (Dkt. 59 ("Opposition" or "Opp.").)  The matter is fully briefed.  (*See* Dkt. 61 ("Reply").)  Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.     Factual Record

### A.     Evidentiary Objections

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment."  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010) ("A district court's ruling on a motion for summary judgment may only be based on admissible evidence.").  In the context of a summary judgment, a district court "must also rule on evidentiary objections that are material to its ruling."  *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).  "A court can award summary judgment only when there is no genuine dispute of material fact.  It cannot rely on irrelevant facts, and thus relevance objections are redundant."  *Burch v. Regents of Univ. of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                     Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

*Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); *accord Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). Additionally, "when evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence." *Burch*, 433 F. Supp. 2d at 1120; *see Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

"'[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion, are all duplicative of the summary judgment standard itself' and unnecessary to consider here." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (alteration omitted) (quoting *Burch*, 433 F. Supp. 2d at 1119) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Sandoval*, 985 F.3d at 665. "Similarly, the [c]ourt will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented." *Holt*, 370 F. Supp. 3d at 1164 (citing *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1126 n.1 (E.D. Cal. 2008)). "Moreover, Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Id.* (citing *Montoya v. Orange Cnty. Sheriff's Dep't*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013)).

"At the summary judgment stage," the court "do[es] not focus on the admissibility of the evidence's form" but "instead focus[es] on the admissibility of its contents." *Fraser*, 342 F.3d at 1036 (citations omitted). Accordingly, except in the rare instances in which the objecting party demonstrates with specificity that the subject evidence could not be produced in a proper format at trial, the court does not consider any objections on the grounds that the evidence "constitutes hearsay or inadmissible lay opinion, or that there is a lack [of] personal knowledge." *Holt*, 379 F. Supp. 3d at 1164 (citing *Burch*, 433 F. Supp. 2d at 1122); *see also Sandoval*, 985 F.3d at 665-67; *id.* at 667 (objections for foundation "provide[] no basis for excluding the evidence" where objecting party does not provide counterparty with "notice of the specific ground of objection and, consequently, what could be done to cure any defects"). Relatedly, objections based on a failure to comply with the technicalities of authentication requirements or the best evidence rule are inappropriate. *See Adams v. Kraft*, 828 F. Supp. 2d 1090, 1108 n.5 (N.D. Cal. 2011) ("On summary judgment, unauthenticated documents may be

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

considered where it is apparent that they are capable of being reduced to admissible evidence at trial."); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (holding that court was not precluded from considering declaration in awarding summary judgment even if declaration violated best evidence rule if the underlying facts would be admissible as evidence).

In this case, Plaintiffs object to the late filing of the McCauley Declaration, (Dkt. 60), which Defendants submitted on the same day the Opposition was filed, (*see* Dkt. 58). At oral argument, Defendants maintained the court should consider the McCauley Declaration, but did not contest that the court has discretion to disregard it. Given that the Local Rules require parties to include in their moving papers "[t]he evidence upon which the moving party will rely in support of the motion," L.R. 7-5, *see also* L.R. 56-1, the Local Rules permit the court to disregard material untimely filings; *see* L.R. 7-12; L.R. 56-4; *Cusano v. Klein*, 264 F.3d 936, 951 (9th Cir. 2001), and the timing of the McCauley Declaration's filing deprived Plaintiff of a meaningful opportunity to respond to it, *see Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); L.R. 7-10, the court declines to consider the McCauley Declaration.

Plaintiffs also seek to exclude the bulk of Defendant Shen's supporting evidence on the ground that Defendant Shen's attorney declaration authenticating those documents insufficiently articulates her personal knowledge of the documents. (Dkt. 56-4.) Defendant Shen maintains his attorney's declaration is adequate. (Dkt. 61-1.)

The prefixes of the exhibits' bates numbers suggest subsets of these documents were produced by different parties, (*see* Dkt. 59-4 at 3)—and Defendant Shen does not adequately identify which documents were produced by which party. In the absence of such information, Defendant Shen's authentication of these eight documents is insufficient, at least to the extent Defendant Shen submits documents he produced in discovery. *See Orr*, 285 F.3d at 777 & n.20 (noting "documents produced by a party in discovery were deemed authentic when offered by the party-opponent" but finding party did not authenticate document properly where party did not identify who produced it and counterparties did not admit to producing the document) (citing, *inter alia*, *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996)). Defendant Shen's response, (Dkt. 61-1), inadequately demonstrates these documents are self-authenticating, *see* Fed. R. Evid. 902(b)(1)-(14), and the Dent

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Declaration's reliance on personal knowledge provides insufficient detail as to "distinctive characteristics, taken in conjunction with circumstances" to demonstrate the authenticity of these documents under Fed. R. Evid. 901(b)(4), *see also Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (stating that where exhibits are submitted to the court by means other than an affidavit, "and where personal knowledge is *not* relied upon to authenticate the document, the district court must consider alternative means of authentication under Federal Rules of Evidence 901(b)(4)") (citation and internal quotation marks omitted).

Nevertheless, the court notes Plaintiffs do not argue these exhibits *themselves* are falsified or not authentic copies, just that "serious evidentiary concerns" are raised by Defendant Shen erring in the method of authenticating them and his asserted inability to authenticate them at trial.  (*See* Dkt. 56-4 at 2-5.)  The prospect of disregarding Defendant Shen's documentary evidence wholesale based on a technical defect in authentication is draconian given Plaintiffs similarly rely on documents produced in discovery in this action appended to an affidavit of counsel just as Defendant Shen does.  *See Burch*, 433 F. Supp. 2d at 1120 ("[A]n exception to the authentication requirement is particularly warranted in cases such as this where the objecting party does not contest the authenticity of the evidence submitted but nevertheless makes an evidentiary objection based on purely procedural grounds") (citing *Fenje v. Feld*, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003)).  Additionally, the Ninth Circuit has held relying on an unauthenticated document at summary judgment that could be authenticated at trial by a witness with competent personal knowledge is harmless error.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989) (holding district committed harmless error in admitting party's attorney attaching document to his declaration that lacked his personal knowledge to its content in order to authentic because the document was "not per se inadmissible" because another declarant who submitted a separate declaration was "competent witness with personal knowledge [who] could authenticate it"); *cf. Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (describing remand so that party could properly attaching exhibit to authenticating witness's declaration instead of their attorney's "a pointless technicality" and noting the error was harmless).  While Plaintiffs argue Defendant Shen would be unable to authenticate these documents at trial, they simultaneously reference Defendant Shen's testimony stating he received documents from Tim McCauley, and they do not argue McCauley could not testify at trial.  (Dkt. 56-4 at 4-5.)  So, in this respect, the court notes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                      Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Defendant "could easily produce a knowledgeable custodian at trial to authenticate the documents they produced in discovery." *See Rapaport v. Barstool Sports, Inc.*, 2021 WL 1178240, at *4 (S.D.N.Y. Mar. 29, 2021), *aff'd*, 2024 WL 88636 (2d Cir. Jan. 9, 2024).

Accordingly, the court will consider the discovery documents attached to the Dent Declaration for purposes of the Motion and **OVERRULES** Plaintiffs' objections on this basis. *See Rapaport*, 2021 WL 1178240, at *3-4 (rejecting objections to introduction of bates-stamped discovery materials through declaration of counsel based on asserted lack of personal knowledge where objecting party also introduced bates-stamped discovery material and did not squarely challenge the authenticity of the actual documents).

Separately, Plaintiffs object to certain statements in Defendant Shen's declaration (Dkt. 51-3 ("Shen Decl." or "Shen Declaration")) based on the sham affidavit rule, relevance, hearsay, and/or improper speculation, legal conclusion, or opinion. (Dkt. 56-4 at 25-26.) The court finds Plaintiffs' objections based on relevance, speculation, improper legal conclusion and opinion duplicative of the summary judgment standard and **OVERRULES** those objections. *See Burch*, 433 F. Supp. 2d at 1119. Separately the court **OVERRULES** Plaintiffs' objection to ¶ 4 of the Shen Declaration because "[t]his is not a case in which a deponent's memory could credibly have been refreshed by subsequent events, including discussions with others or his review of documents, record, or papers." *See Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012); *see also id.* at 1080 ("[T]he sham affidavit rule should be applied with caution because it is in tension with the principle that the court is not to make credibility determinations when granting or denying summary judgment.") (citation and internal quotation marks omitted). Finally, the court **OVERRULES** the remaining objections to the Shen Declaration on hearsay grounds because "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony," *see JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) (citation omitted), and such testimony could be provided at trial by Defendant Shen, Tim Macauley, or others.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

B.    Factual Background[1]

    Plaintiffs OCG Energy and OCG Credit are subsidiaries of an investment entity owned by James and Jonathan Chang (collectively, the "Changs").  (Dkt. 61-1 ("SUF") No. 1.)[2] Defendant Shen has a background in private equity and is a current member of the board of a real estate investment portfolio, with approximately 23 years of experience in financial due diligence and managing investments.  (*Id.* Nos. 4, 62.)  Defendant Shen and the Changs were acquainted with each other prior to the instant suit; they would periodically send each other investment opportunities, and James Chang previously interned at the real estate investment portfolio where Defendant Shen served as a board member.  (*Id.* No. 5.)  For example, James Chang described himself in an email as "a most-trusted friend and business partner[]" to Defendant Shen in a March 30, 2021 email.  (Dkt. 59-2 ("Chang Decl.") ¶ 3 & Exh. 1.)

    The instant case concerns Plaintiffs' investment in BCF Exploration, LLC ("BCF"), a Texas limited liability company founded by Tim McCauley, in which geologist Donnie Jones

---

[1] Defendant Shen's request for judicial notice is **DENIED** as to Exhibits A-D to the Dent Declaration and Plaintiffs' related evidentiary objections are **DENIED AS MOOT** because these exhibits are not relevant to the court's analysis.  *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir.1998) (declining to take judicial notice of facts not relevant to the disposition of the issues before the court).  Additionally, Exhibit A, a pitchbook created by a third party, is not a proper subject for judicial notice.  *See* Fed. R. Evid. 201(a)-(b) (courts may only take judicial notice of adjudicative facts not subject to reasonable dispute because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[2] In addition to the court's analysis of evidentiary objections, the court has considered Defendant Shen's Statement of Uncontroverted Facts, (Dkt. 51-1), Plaintiff's Statement of Genuine Disputes of Material Fact and Additional Facts, (Dkt. 59-1), and Defendant Shen's Response to Plaintiffs' Additional Facts, (Dkt. 61-1), and the underlying admissible evidence. In determining the record in this matter, the court relies on the admissible evidence cited in the parties' respective Statements and facts to the extent admittedly undisputed by the parties, as opposed to the parties' characterizations of the evidence submitted to the court.  *See* L.R. 56-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

and Farlyn Bowen served as management.  (*Id.* No. 6.)  There is some dispute between the parties whether Defendant Shen held a management position in BCF.  Plaintiffs refer to testimony and documents indicating he was listed as both a manager and member of the entity from June 27, 2017, until approximately ten months later.  (*Id.*)  Defendant Shen, though, notes he was not listed as a manager on the promotional materials provided the Changs, and maintains Jones and McCauley fielded questions from investors regarding BCF's assets.  (*Id.* No. 33.)

In any event, Defendant Shen received due diligence materials from McCauley in May 2017 regarding BCF's potential purchase of the assets of ORB Exploration, an oil and gas venture at which McCauley and Jones were previously employed as consultants.  (*Id.* Nos. 7, 11-12, 14.)  Those assets relevantly included onshore oil and gas drilling operations located at Fausse Point in Iberia, St. Martin Parish, Louisiana ("Fausse Point").  (*Id.* Nos. 9, 11.)  Defendant Shen prepared his own financial evaluation of the investment, and ultimately decided to invest $1,000,000 of his personal funds in BCF.  (*Id.* Nos. 8, 13, 16.)

Defendant Shen discussed a potential investment in BCF's operations in Fausse Point with Jonathan Chang on two phone calls and via email on May 22, 2017.  (*Id.* Nos. 17-18.)  Jonathan Chang recalls Defendant Shen stated on the call that Defendant Shen:

- Was the founder of the Project and had been working solely and exclusively on the Project for sixth months at that point;

- Would have the power, control, and authority to determine who the other investors in the Project would be, and decide the allocation and capitalization of the Project;

- Reserved for himself the sole and absolute power and authority to control the Project's finances and reinvestment policies on a going-forward basis;

- Would serve as one of the four general partners with full audit and controls and negative consent rights, and would run the books and records; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

- Would receive additional membership units equal to 10% of BCF for serving as a Manager.

(Dkt. 59-2 ("Chang Decl.") ¶¶ 7 & Exhs. 3-5.)

On May 26, 2017, McCauley initiated the purchase of ORB's assets from BCF. (*Id.* No. 20.) Defendant Shen maintains he was not a party to communications regarding a title search during the sale process, although he sent Jonathan Chang an email on June 21, 2017, stating "the sellers company orb had a small mortgage and judgement (around 250k) on it. [W]e are making sure that those liens will not impact the purchase of the asset. [I]t shouldn't because we are not buying the net equity of orb, just its assets. [B]ut just double checking that." (*Id.*)

On June 10 and 12, 2017, Defendant Shen provided Jonathan Chang with the due diligence materials he received from McCauley and Defendant Shen's own financial analysis, which Defendant Shen maintains is based on materials he received from McCauley. (*Id.* Nos. 8, 22.) Over the next few weeks, the Changs and Defendant Shen discussed the terms of BCF's Amended Operating Agreement and the Purchase and Sale Agreement between BCF and ORB. (*Id.* Nos. 23-24.) The Amended Operating Agreement listed Defendant Shen and Jonathan Chang as Class A members in BCF, Plaintiff OCG Energy as Class B members, and indicated Defendant Shen owned an additional 10% share interest in BCF. (*Id.* No. 25.) This Amended Operating Agreement apparently was not signed by Defendant Shen; he testified it "was not executed by me, but it was a sloppy, fully executed agreement."[3] (*Id.* No. 26.) At the end of the month, June 30, 2018, Plaintiff OCG Energy committed $3,000,000 in funding to BCF, which Plaintiff OCG Energy ultimately invested in installments that year. (*Id.* Nos. 27, 41.)

Prior to these investments, Plaintiffs assert Defendant Shen made several representations they later learned to be false. Specifically:

---

[3] Defendant Shen disputes whether, as a legal matter, this agreement was "executed." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                          Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

- During the telephone call on May 22, 2017, Defendant Shen stated that there were no more than five uncapped wells drilled by the previous owners on Fausse Point, which would cost no more than $50,000 per well to cap, for a total liability of $250,000. (*Id.* No. 64.) However, the actual cost to cap an uncapped well is $150,000-$200,000 per well, and Fausse Point had nearly 50 uncapped wells, representing a total potential liability of $7,500,000 to $12,500,000. (Chang Decl. ¶ 13.)

- On the same date, Defendant Shen stated BCF owned proprietary 3-D seismic data covering 50 square miles valued at approximately $75,000 per square mile, for a total value of $3,750,000. (SUF No. 66.) However, BCF did not own this data, and it was not proprietary to BCF. (*Id.* No. 67.)

- In an email dated June 21, 2017, Defendant Shen wrote that a title search on Fausse Point revealed "the sellers company orb had a small mortgage and judgement (around 250k) on it." (*Id.* No. 68.)

- In the event of a worst-case scenario, the mineral rights to the land on which the Project sits and which BCF would own was valued at $1.3 million and the 3-D Data was valued at $3.75 million. (Chang Decl., ¶ 18 & Ex. 3.)

From July 2017 through December 17, 2017, the Changs requested several status updates from Defendant Shen regarding BCF's projects. (*Id.* No. 28.) Defendant Shen sent similar updates to other investors. (*Id.* No. 29.) However, Defendant Shen maintains he acted as a liaison by relaying answers from other BCF managers to investors, including the Changs. (*Id.* No. 28.) In 2018, Johnathan Chang gained access to BCF's corporate bank account, which he testified he received from McCauley at Defendant Shen's request. (*Id.* No. 31.)

In April 2018, BCF began preparing a Second Amended Operating Agreement. (*Id.* No. 33.) On April 16, 2018, Defendant Shen sent a "resignation of manager" letter to BCF's others manager concurrently with which he conveyed 125 of his 200 Class A shares to McCauley, Jones, and Bowen. (*Id.* Nos. 34-35.) A Second Amended and Restating Operating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Agreement was executed on June 8, 2018, however, it is dated July 2, 2017. (*Id.* No 40.) It does not list Defendant Shen as a manager of BCF. (*Id.*)

Also in April 2018, issues with BCF's investment and operations began to arise. For example, Plaintiffs and Defendant Shen maintain they learned that BCF purchased only a 3D seismic data license rather than an ownership interest in that data from ORB Exploration on April 12, 2018. (*Id.* No. 37.)

BCF's operations were not entirely fruitless, however. BCF found oil, for instance, in late 2017 in a previously existing well on the land. (*Id.* No. 30.)

As of August 6, 2019, BCF was in default on its payments to ORB Exploration. (*Id.* No. 42.) Defendant Shen states he was unaware of this. (*Id.*) After discussions among investors regarding mezzanine financing began in May 2020, Plaintiff OCG Credit committed $3,000,000 to BCF. (*Id.* Nos. 43, 47.) BCF's corporate counsel sent documents related to the loan to OCG Credit, Defendant Shen, McCauley, Jones, Bowen, and another investor who committed $2,000,000 on July 27, 2020. (*Id.* No. 44.) The documents did not describe BCF's potential uses of the funds, but BCF's corporate counsel stated, "we will record one copy of the mortgage in Iberia Parish and in St. Martins Parish, where the land covered by the oil and gas lease is located." (*Id.* Nos. 44-45.) The documents between Plaintiff OCG Credit and BCF were executed on July 30, 2020. (Chang Decl. ¶ 32.)

Plaintiffs maintain Defendant Shen made certain representations prior to Plaintiff OCG Credit executing the July 2020 loan, in particular:

- As part of the structured loan transaction, Plaintiff OCG Credit would be provided "full security (including but not limited to cash flow sweeps, mineral rights to leasehold, royalty overrides purchased by the company at inception, and plant, property and equipment on the leasehold), and negative covenants (including but not limited to incurrence of additional indebtedness, restricted payments, and limitations on expenditures)." (Chang Decl., ¶ 30 & Ex. 24.)

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

- On July 28, 2020, Defendant Shen stated that the loan funds would be used to pay off the
  original seller and satisfy all liens on BCF's property and that Defendant Shen would take
  all steps to record the mortgage so that OCG Credit would have a senior secured lien in
  exchange for the loan.  (Chang Decl. ¶ 31.)

Defendant Shen states that, by late 2020, his involvement in BCF was passive, and he
ceased reading email updates from BCF.  (SUF No. 44.)  Between December 2020 and
February 2021, Plaintiffs contacted McCauley regarding BCF's progress and expenses, and
Jonathan Chang expressed that he was "extremely concerned about the team's ability to manage
costs and financials prudently, especially on budget/plan vs actual costs incurred on the site."
(*Id.* Nos. 50-51.)

On September 30, 2021, BCF's corporate attorney informed Jonathan Chang that the
attorney could not locate the signed copies of the note, mortgage, and security agreement.  (*Id.*
No. 53.)

In November 2021, Plaintiffs engaged an outside consultant, Bill Guidry, to evaluate
Fausse Point as a potential replacement operator or partner for BCF.  (Chang Decl. ¶ 37.)  On
December 16, 2021, Guidry informed Plaintiffs that Fausse Point had approximately 50
uncapped wells that are potential liabilities for BCF.  (*Id.* & Exh. 32.)  Jonathan Chang recalls
Guidry stating uncapped wells increase potential environmental hazards and costs associated
with oil spills.  (*Id.*)

On December 2, 2021, McCauley called a meeting of BCF's management to discuss
severe cost overruns depleting BCF's available cash such that BCF could no longer pay
outstanding invoices.  (*Id.* No. 54.)  A few weeks later, on December 21, 2021, McCauley told
investors that:

> [I]n a title search there is a judgment from 2014 from Precision drilling
> against the field for $750,000 plus interest and a Mortgage to Joel

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

> Broussard for $1.2 million.  We have paid off the mortgage and I have
> requested a release from Joel's lawyer.  The judgment is a little trickier,
> and I am working with Precision for a settlement.

(*Id.* No. 55.)

McCauley also stated that "[t]he judgments and mortgage will prevent us from selling
prospects associated with our original leasehold to any outside parties.  No one will be willing
to invest in a drilling deal with a bad title."  (Chang Decl. ¶ 38 & Exh. 33.)  Jonathan Chang
requested that BCF send him a copy of the title searches, which he received on January 12,
2022.  (Chang Decl. ¶ 39 & Ex. 34.)  The title opinions that BCF obtained in June 2021
included no record of the mortgage to secure OCG Credit's $3 million loan.  (*Id.*)

By April 1, 2022, McCauley informed BCF's members and managers that BCF's oil
purchaser was holding production funds in escrow because of a mechanic's lien on the property
from Titan Directional Drilling, LLC, a contractor that worked on Fausse Point for BCF.  (*Id.*
No. 56.)  Because BCF did not pay Titan Directional Drilling, the latter acquired a mechanic's
lien in the amount of $566,970.98, senior to Plaintiff OCG Credit's mortgage recorded on
October 6, 2021.  (Chang Decl., ¶ 34 & Exh. 30.)  Defendant Shen states this was the first time
he learned of a lien on the property from an unpaid vendor.  (SUF No. 57.)

Around August 2022, McCauley voluntarily surrendered all assets of BCF to the State of
Louisiana.  (*Id.* No. 58.)  The entity still exists, although the parties are unaware of the extent of
its assets and liabilities.  (*Id.*)

In this case, Plaintiffs bring five claims against Defendant Shen.  Plaintiff OCG Energy
brings claims for intentional misrepresentation, negligent misrepresentation, and fraudulent
concealment based on the $3,000,000 loan in 2017.  Plaintiff OCG Credit brings claims for
promissory fraud and breach of contract based on the $3,000,000 investment in 2020.  (Opp. at
13; *see also* Dkt. 20 ¶¶ 30-66.)

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                      Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

## II.  **Legal Standard**

### A.  Rule 56 Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the case, and the "substantive law [] identif[ies] which facts are material."  *Id.*  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.*

The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case.  *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact.").

The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts.").  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat.*

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

*Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  "In judging evidence at the
summary judgment stage, the court does not make credibility determinations or weigh
conflicting evidence."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).
The court must draw all reasonable inferences in the non-moving party's favor.  *In re Oracle
Corp.*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 255).

Nevertheless, "inferences are not drawn out of thin air, but from evidence."  *Richards v.
Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.
1987).  "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists"
does not preclude summary judgment.  *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir.
1989).  "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is,
if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."
*Anderson*, 477 U.S. at 248 (internal quotation marks omitted).  "By its very terms, this standard
provides that the mere existence of some alleged factual dispute between the parties will not
defeat an otherwise properly supported motion for summary judgment; the requirement is that
there be no genuine issue of material fact."  *Id.* at 247-48; *see also United States v. Fred A.
Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a
genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary
judgment process:

The moving party initially bears the burden of proving the absence of a genuine issue
of material fact.  Where the non-moving party bears the burden of proof at trial, the
moving party need only prove that there is an absence of evidence to support the
non-moving party's case.  Where the moving party meets that burden, the burden
then shifts to the non-moving party to designate specific facts demonstrating the
existence of genuine issues for trial.  This burden is not a light one.  The non-moving
party must show more than the mere existence of a scintilla of evidence.  The non-
moving party must do more than show there is some "metaphysical doubt" as to the
material facts at issue.  In fact, the non-moving party must come forth with evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

from which a jury could reasonably render a verdict in the non-moving party's favor.
In determining whether a jury could reasonably render a verdict in the non-moving
party's favor, all justifiable inferences are to be drawn in its favor.

627 F.3d at 387 (citations omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against
a party who fails to make a showing sufficient to establish the existence of an element essential
to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v.
Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted).  "Where no such showing is
made, the moving party is entitled to a judgment as a matter of law because the nonmoving
party has failed to make a sufficient showing on an essential element of her case with respect to
which she has the burden of proof." *Id.* (cleaned up).

### III.   Analysis

    A.   <u>Fraud-Based Claims</u>

        1.   *Intentional and Negligent Misrepresentation*

Under California law, the elements of intentional misrepresentation "are (1) a
misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and
justifiable reliance, and (5) resulting damage." *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93
Cal. App. 5th 1214, 1245 (2023) (quoting *Chapman v. Skype Inc.*, 220 Cal.App.4th 217, 230-31
(2013)).  The elements of negligent misrepresentation differ slightly from those of an
intentional misrepresentation claim.  Specifically, a negligent misrepresentation claim requires a
plaintiff to show "(1) the misrepresentation of a past or existing material fact, (2) without
reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the
fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."
*Id.* at 1245-46 (quoting *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App.
4th 226, 243 (2007)).

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Defendant Shen argues these claims fail for several reasons: (1) an April 12, 2018 email put Plaintiff OCG Energy on notice of any fraud claims based on representations related to BCF's ownership of seismic data; (2) Plaintiff OCG Energy's sole reliance on Defendant Shen was unreasonable; (3) Plaintiff OCG Energy has not established Defendant Shen made statements with an intent to deceive them; and (4) the economic loss rule bars Plaintiffs' tort claims.[4]  (Mot. at 10, 13-17; 19-20; Reply at 3-7.)  Plaintiffs disagree on each point.  (Opp. at 15-22.)  The court takes each argument in turn.

Initially, Defendant Shen's argument that the April 12, 2018, email demonstrates there is no triable issue of fact as to any representations based on BCF's ownership of seismic data falls short.  Defendant Shen relies on California's three-year statute of limitations for fraud, asserting this email put Plaintiff OCG Energy on notice that BCF did not own an interest in the 3-D seismic data.  *See* Cal. Civ. Proc. Code § 338(d).  Defendant Shen does not adequately demonstrate how this email chain, which includes discussion of a license agreement pertaining to data rights in Fausse Point, put Plaintiff OCG Energy on notice that BCF did not own 3-D seismic data.  Because this email alone does not establish as a matter of law that Plaintiffs' "cause[s] of action [were] complete with all of [their] elements" as they relate to BCF's ostensible ownership of 3-D seismic data, the court finds these claims are not barred by California's three-year statute of limitations.  *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005).

Second, the court agrees with Plaintiffs that reliance is a fact issue in this case.  Reliance is reasonable if "(1) the matter was material in the sense that a reasonable person would find it important in determining how he or she would act; and (2) it was reasonable for the plaintiff to have relied on the misrepresentation."  *Hoffman v. 162 N. Wolfe LLC*, 228 Cal. App. 4th 1178, 1193 (2014) (citations omitted).  "Generally, the question of whether reliance is justifiable is

---

[4] Defendant Shen argues this claim fails based on the lack of any duty to disclose material facts he allegedly omitted, (Mot. at 11-13); the court analyzes this argument in the context of Plaintiffs' fraudulent concealment claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                 Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

one of fact" but "may be decided as a matter of law if reasonable minds can come to only one
conclusion based on the facts." *Id.* (citations and internal quotation marks omitted).

The court agrees with Plaintiffs the reasonableness of their reliance is a fact issue in this
case. Here, Plaintiffs, including Plaintiff OCG Energy, have produced evidence indicating that
their principals trusted Defendant Shen and valued his business acumen, such that the court
cannot say as a matter of law it was unreasonable for them to rely on his statements. *See, e.g.*,
*Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 893 (2013) (holding whether plaintiff's
reliance on bank employee's representations regarding likeliness loan modification would be
approved "was justified in the circumstances [was] a factual question for a jury" where
employee held himself out as "from the [bank's] executive offices").

Third, the evidence demonstrates that a reasonable jury could find Defendant Shen acted
with the requisite intent. For example, Plaintiffs point to assertions by Defendant Shen which a
jury could find were untrue statements of fact, including that:

- there were not more than 5 uncapped wells drilled by the previous owners on Fausse
  Point, which would cost no more than $50,000 per well to cap, (SUF No. 64), but the
  actual cost to cap an uncapped well is $150,000-$200,000 per well, and Fausse Point had
  nearly 50 uncapped wells, (Chang Decl. ¶ 13);

- BCF owned proprietary 3-D seismic data covering 50 square miles valued at
  approximately $75,000 per square mile, (SUF No. 66), which it did not own and was not
  proprietary, (*id.* No. 67); and

- a title search on Fausse Point revealed "the sellers company orb had a small mortgage
  and judgement (around 250k) on it," (*id.* No. 68), but that Fausse Point was subject to a
  judgment in the amount of $750,000 plus interest and a mortgage to Joel Broussard for
  $1.2 million, (*id.* No. 55).

---

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                              Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

A reasonable jury crediting Plaintiffs' evidence could infer Defendant Shen intended to induce Plaintiff OCG Energy to invest in BCF based on these statements, which is sufficient for Plaintiff OCG Energy's intentional misrepresentation claim to survive summary judgment. *See Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1151 (E.D. Cal. 2017) ("A plaintiff need only show the defendant intended to induce reliance. Intent is 'always a question of fact' under California law.") (quoting *Walter E. Heller Western, Inc. v. Tecrim Corp.*, 196 Cal. App. 3d 149, 160-61 (1987)) (citing, *inter alia*, *Lovejoy v. AT & T Corp.*, 92 Cal. App. 4th 85, 93 (2001); Cal. Civ. Code § 1574).

The foregoing analysis applies with equal force to Plaintiff OCG Energy's negligent misrepresentation claim. As stated, Plaintiffs' evidence permits an inference Defendant Shen made affirmative false statements. Additionally, the state of mind showing necessary to sustain a negligent misrepresentation claim is more lenient than that required for an intentional misrepresentation claim. Accordingly, the court finds Plaintiff OCG Energy's negligent misrepresentation claim survives summary judgment as well. *See Copart*, 277 F. Supp. 3d at 1148 ("Negligent misrepresentation differs from fraud in two core respects: it is narrower than fraud in that it requires a positive assertion, not merely an omission or implied assertion; it is broader than fraud in that it requires only an unreasonable belief in the truth of the statement, not knowledge of falsity.") (citing *Apollo Capital Fund*, 158 Cal. App. 4th at 243; *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984 (2003)).

Finally, the court finds the economic loss rule does not benefit Defendant Shen. As discussed below, Plaintiffs' breach of oral contract claim is limited in scope to statements Defendant Shen made regarding recording a lien in connection with Plaintiff OCG Credit's investment. Otherwise, there is no other proffered evidence of a contract between Defendant Shen and Plaintiff OCG Energy, and Plaintiff OCG Energy urges its claims are rooted in fraud rather than a contractual agreement. (*See* Opp. at 21.) Plaintiffs' fraud-based claims stem from asserted misrepresentations made by Defendant Shen in connection with their investments in BCF through the formation of independent contracts discussed above. Because those statements are independent of a contractual duty, the economic loss rule does not apply. *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 991 (2004) ("[T]he economic loss rule

**CIVIL MINUTES – GENERAL**

18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

does not bar [the plaintiff's] fraud and intentional misrepresentation claims [where] they [are]
independent of [the defendant's] breach of contract.") (citation omitted).

For these reasons, the court **DENIES** the Motion as to Plaintiff OCG Credit's intentional
misrepresentation and negligent misrepresentation claims (Causes of Action One and Two).

2. *Fraudulent Concealment*

The elements of fraudulent concealment under California law are "(1) concealment or
suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff;
(3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the
fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or
she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a
result of the concealment or suppression of the fact." *Aton Ctr.*, 93 Cal. App. 5th at 1246
(quoting *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606, (2014)).

In addition to raising the same arguments discussed above, Defendant Shen argues this
claim fails because he did not owe a duty to disclose any assertedly omitted facts to Plaintiff
OCG Energy. (*See* Mot. at 10-17; Reply at 7-8.) Plaintiffs maintain their evidence supports
this cause of action and references several of Defendant Shen's prior statements. (Opp. at 22-
23.)

"To state a cause of action for fraudulent concealment, the defendant must have been
under a duty to disclose some fact to the plaintiff." *Hahn v. Mirda*, 147 Cal. App. 4th 740, 745
(2007) (citation omitted). A duty to disclose arises "(1) when the defendant is in a fiduciary
relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts
not known to the plaintiff; (3) when the defendant actively conceals a material fact from the
plaintiff; and (4) when the defendant makes partial representations but also suppresses some
material facts." *Burch v. CertainTeed Corp.*, 34 Cal. App. 5th 341, 349 (2019) (internal
quotation marks and citations omitted). In general, a duty disclose in the latter three instances
arises "only where there is already a sufficient relationship or transaction between the parties."

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

*See Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 312 (2017) (citations omitted); *see also* Use Note to CACI No. 1901.

The court finds Plaintiffs have produced sufficient evidence that Defendant Shen had a duty to disclose. Under California law, "a duty to speak may arise when necessary to clarify misleading 'half-truths.'" *Boeken v. Philip Morris, Inc.*, 127 Cal. App. 4th 1640, 1659 (2005) (citing *Randi W. v. Muroc Joint Unified School Dist.*, 14 Cal. 4th 1066, 1082-83 (1997)). Here, for instance, the evidence permits a finding that Defendant Shen told Plaintiff OCG Energy prior to its loan to BCF that Fausse Point had only five uncapped wells, which Plaintiff OCG Energy later discovered to that there were at least 50. Defendant Shen's voluntary disclosures of these facts about Fausse Point created a duty to disclose the scope of its liabilities. *See Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 292 (2004) (rejecting argument the defendant had not duty to disclose terms of third-party investment because the defendant "specifically undertook to disclose the transaction and, having done so, [was] not at liberty to conceal a material term").

Nor does this claim fail for lack of a "sufficient relationship." Analogously, in *Vega*, the California Court of Appeal rejected the defendant's contention it had no duty to disclose the "toxic terms" of a financing transaction where the defendant law firm represented the party adverse to the plaintiff. *See id.* at 288. The Court of Appeal held a duty to disclose arose because the law firm "undertook to disclose the transaction" and thus could not conceal its material terms. *See Vega*, 121 Cal. App. 4th at 292; *see also Hoffman*, 228 Cal. App. 4th at 1190 (noting "there *was*, in *Vega*, a relationship between the parties based upon a transaction (a merger)" to which the plaintiff was a party and the defendant "played a substantial role in the transaction"). The circumstances of this case are materially indistinguishable: Defendant Shen facilitated Plaintiff OCG Energy's investment in BCF, and Jonathan Chang recalls specific statements Defendant Shen made to himself and his father regarding the prospective loan. If anything, Plaintiffs' evidence of the Changs' prior personal and business relationship with Defendant Shen over the past decade bolsters this conclusion.

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Accordingly, the court **DENIES** summary judgment as to Plaintiff OCG Credit's
fraudulent concealment claim (Cause of Action Three).

### 3. *Promissory Fraud*

Under California law, "'[p]romissory fraud' is a subspecies of the action for fraud and
deceit.  A promise to do something necessarily implies the intention to perform; hence, where a
promise is made without such intention, there is an implied misrepresentation of fact that may
be actionable fraud." *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996) (citations omitted).
The elements of a claim for promissory fraud are "(1) a promise made regarding a material fact
without any intention of performing it; (2) the existence of the intent not to perform at the time
the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction;
(4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise;
and (6) resulting damage to the promise[e]." *Gruber v. Gruber*, 48 Cal. App. 5th 529, 540
(2020) (quoting *Behnke v. State Farm General Ins. Co.*, 196 Cal. App. 4th 1443, 1453 (2011)).

Accordingly, the elements of Plaintiff OCG Energy's promissory fraud claim are
essentially identical to those of its intentional misrepresentation claim, with the caveat that
promissory fraud "is actionable as a type of intentional misrepresentation under the California
Civil Code section 1710(4), which provides that '[a] promise, made without any intention of
performing it' may constitute an actionable misrepresentation." *See Hands on Video Relay
Servs., Inc. v. Am. Sign Language Servs. Corp.*, 2009 WL 8691614, at *8 (E.D. Cal. Aug. 12,
2009) (quoting Cal. Civ. Code § 1710(4)); *see also Engalla v. Permanente Med. Grp., Inc.*, 15
Cal. 4th 951, 974 (1997) (stating "[a]n action for promissory fraud may lie where a defendant
fraudulently induces the plaintiff to enter into a contract" and the accompanying elements of
fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b)
knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable
reliance; and (e) resulting damage") (quoting *Lazar*, 12 Cal. 4th at 638); *Madrigal v. Allstate
Indem. Co*, 2015 WL 12748272, at *1 n.2 (C.D. Cal. Dec. 7, 2015) (collecting authority
indicating "promissory fraud is simply a particular type of intentional misrepresentation" and
"requires proof of the same elements").

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                     Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Defendant Shen maintains Plaintiff OCG Credit's promissory fraud claim fails because it fails to establish a promise regarding a material fact, Defendant Shen's intent not to perform, or reasonable reliance. (Mot. at 18-19.)  Plaintiffs assert Defendant Shen made certain representations to Plaintiff OCG Credit prior to its investment that are independently actionable promises. (Opp. at 23-24.)

Plaintiffs' theory of this claim is that Defendant Shen "made promises to OCG Credit as its 'protector' and representative, independent of what the loan documents say," proposed the terms of the loan's structure, and negotiated it with BCF on Plaintiff OCG Credit's behalf. (Opp. at 24.)  However, statements from Defendant Shen that he would serve as Plaintiff OCG Credit's "protector" or "fiduciary" are not sufficiently definite to sustain a promissory fraud claim because they are not "promise[s] to do something." *See Lazar*, 12 Cal.4th at 638.

Plaintiffs also rely on Defendant Shen's statements to Jonathan Chang that the loan funds would be used to pay off the original seller, satisfy all liens on BCF's property and that Defendant Shen would take all steps to record the mortgage so that Plaintiff OCG Credit would have a senior secured lien in exchange for the loan. (Chang Decl. ¶ 31.)  However, the subsequent loan document was executed between Plaintiff OCG Credit and BCF and includes an integration clause, (SUF Nos. 44, 47), and Defendant Shen resigned as a manager from BCF in 2018, (SUF No. 34).  In short, the court finds it unreasonable as a matter of law for Plaintiff OCG Credit to rely on such representations regarding the use of proceeds in a loan when Defendant Shen no longer held a manager position at BCF and the loan agreement was intended to be a fully integrated contract between Plaintiff OCG Energy and BCF, not Defendant Shen. Because Plaintiffs otherwise point to no specific evidence supporting this claim, *see Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001), the court finds summary judgment is appropriate.  Accordingly, the court **GRANTS** the Motion as to Plaintiff OCG Credit's promissory fraud claim (Cause of Action Four).

B.    Breach of Oral Contract Claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

Under California law, the elements of a breach of oral contract are "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Aton Ctr.*, 93 Cal. App. 5th at 1230 (quoting *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)) (citing *Stockton Mortgage, Inc. v. Tope*, 233 Cal. App. 4th 437, 453 (2014)).  The essential elements of a contract are (1) "[p]arties capable of contracting"; (2) "[t]heir consent"; (3) "[a] lawful object"; and (4) "[a] sufficient cause or consideration."  Cal. Civ. Code § 1550.

Defendant Shen contends Plaintiff OCG Credit's breach of oral contract claim fails because there is no evidence of an oral agreement between Defendant Shen and Plaintiffs, and a subsequently executed mortgage clause contains an integration clause superseding any oral agreements.  (Mot. at 20-21; Reply at 8.)  Plaintiffs argue Defendant Shen's representations were not superseded by the loan documents.  (Opp. at 24.)

Based on the record, the court agrees with Defendant Shen.  The terms of the asserted oral agreement are not sufficiently demonstrated beyond Defendant Shen stating he would record a lien on BCF's property for Plaintiff OCG Credit.  Additionally, at a minimum, the fact BCF executed a subsequent security agreement with Plaintiff OCG Credit, (SUF Nos. 44, 47), indicates the parties intended to reduce an agreement to record a lien on Fausse Point to writing.  Accordingly, the alleged oral agreement's terms are too indefinite to be enforceable and the subsequent written agreement between Plaintiff OCG Credit and BCF indicates no valid oral agreement was reached.  *See Errico v. Pac. Cap. Bank, N.A.*, 753 F. Supp. 2d 1034, 1045-46 (N.D. Cal. 2010) ("[A]n oral contract is only binding if the parties reach an agreement as to all material terms and, if a formal writing is anticipated, is not complete until reduced to written form.") (citing *Khajavi v. Feather River Anesthesia Med. Grp.*, 84 Cal.App.4th 32, 60-61 (2000)).

In addition, the record lacks evidence demonstrating that Plaintiffs provided consideration in exchange for the oral agreement with Defendant Shen to record a lien.  While Plaintiff OCG Credit ultimately invested $3,000,000 in *BCF*, there is no evidence Plaintiff OCG Credit provided consideration to *Defendant Shen* in exchange for him personally seeing to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

recording of a lien.  *See Mattel, Inc. v. MGA Ent., Inc.*, 782 F. Supp. 2d 911, 992 (C.D. Cal. 2011) ("A promise is not enforceable unless consideration was given in exchange for the promise.") (quoting *US Ecology, Inc. v. State of Cal.*, 92 Cal.App.4th 113, 128-29, (2001)); *Murphy v. T. Rowe Price Prime Rsrv. Fund, Inc.*, 8 F.3d 1420, 1423 (9th Cir. 1993) ("An oral agreement is not enforceable without consideration.").  Accordingly, the court **GRANTS** summary judgment for Defendant Shen on Plaintiffs' breach of oral contract claim (Cause of Action Five).

        C.    <u>Damages</u>

        1.    *Evidence of Damages*

Defendant Shen argues Plaintiffs' claims fail because they have produced no evidence of either punitive or compensatory damages.  (Mot. at 19, 21; Reply at 8-9.)  Plaintiffs specifically assert their fraud claims support an award of punitive damages if proven at trial, and maintain they are triable issues of fact on all elements of their claims, inclusive of damages.  (Opp. at 25; *see id.* at 15, 21-24.)

"[F]raud without damage is not actionable."  *Furia v. Helm*, 111 Cal. App. 4th 945, 956 (2003) (citation and internal quotation marks omitted).  But the court in this case does not find Plaintiffs' asserted damages so speculative as to warrant summary judgment.  It is undisputed Plaintiff OCG Credit loaned $3,000,000 to BCF and Plaintiff OCG Energy invested $3,000,000 in BCF and that each seeks to recover these principal amounts.  Although Plaintiffs may not ultimately recover these amounts in their entirety at trial, their claims do not fail necessarily because at minimum, they seek to recover the amounts they invested or loaned as damages.  *See Mausner v. Marketbyte*, LLC, 669 F. App'x 865, 866-67 (9th Cir. 2016) (holding, absent "clear law from California courts, it was inappropriate for the district court to require [the plaintiff] to either provide a damages expert or suffer summary judgment" given "California law permits damages for fraud and negligent misrepresentation to be proved in a variety of ways, including by out-of-pocket losses") (citing *Strebel v. Brenlar Invs., Inc.*, 135 Cal. App. 4th 740, 749-50 (2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

        2.     *Punitive Damages*

       "In an action for the breach of an obligation not arising from contract," California Civil Code § 3294 permits a plaintiff to recover punitive damages "for the sake of example and by way of punishing the defendant" "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "Oppression" is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.* § 3294(c)(2). "Fraud" is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.* § 3294(c)(3). "Malice" is "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1).

       "The clear and convincing standard requires a finding of high probability so clear as to leave no substantial doubt; sufficiently strong to command the unhesitating assent of every reasonable mind." *Scott v. Phoenix Sch., Inc.*, 175 Cal. App. 4th 702, 715 (2009) (cleaned up). "This heightened standard does not require that the plaintiff '"prove" a case for punitive damages' at the summary judgment stage," *Furlow v. TWC Admin., LLC*, 2019 WL 9834332, at *16 (C.D. Cal. Aug. 23, 2019) (quoting *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1053 (2009)), but "the higher standard of proof must be taken into account in ruling on a motion for summary judgment . . . since if a plaintiff is to prevail on a claim for punitive damages, it will be necessary that the evidence presented meet the higher evidentiary standard," *Morales v. Trinity Servs. Grp., Inc.*, 2023 WL 4316787, at *11 (C.D. Cal. May 24, 2023) (quoting *Butte Fire Cases*, 24 Cal. App. 5th 1150, 1159 (2018)). "Ordinarily, 'the question of whether the defendant's conduct will support an award of punitive damages is for the trier of fact.'" *Gargano v. Plus One Holdings, Inc.*, 2023 WL 4768182, at *10 (S.D. Cal. July 26, 2023) (quoting *Spinks*, 171 Cal. App. 4th at 1053).

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01568-FWS-DFM                    Date: January 16, 2024
Title: OCG Energy, LLC *et al.* v. Jarvan Shen *et al.*

By its terms, punitive damages under § 3294 cannot attach to Plaintiff OCG Credit's breach of oral contract claim. *See, e.g.*, *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1247 (9th Cir. 2021) ("Under California law, however, a party cannot collect punitive damages for breach of contract awards.") (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994)).  However, as noted, the court finds summary judgment in Defendant Shen's favor as appropriate on that claim, and punitive damages may be awarded in connection with Plaintiffs' other fraud-based claims, *see* Cal. Civ. Code § 3294(a).  Based on the same evidence supporting the merits of those claims, the court concludes a reasonable jury could find Defendant Shen acted with fraud supporting an award of punitive damages, and so summary judgment on the issue of punitive damages inappropriate. *See Caldrone v. Circle K Stores, Inc.*, 2023 WL 5505014, at \*18 (C.D. Cal. Aug. 8, 2023) (denying summary judgment on punitive damages where evidence supporting triable issue of fact on substantive claim also supported a finding that defendant acted with requisite state of mind necessary for punitive damages award under California law).

Accordingly, the Motion is **DENIED** insofar as it seeks summary judgment on the issue of damages, punitive or otherwise.

**IV.    Disposition**

For the reasons stated, the Motion is **GRANTED IN PART AND DENIED IN PART**. Summary Judgment is **GRANTED** as to Plaintiff OCG Credit's promissory fraud and breach of oral contract claims (Causes of Action Four and Five).  The Motion is **DENIED** in its other respects; in particular, as to Plaintiff OCG Energy's intentional misrepresentation, negligent misrepresentation, and fraudulent concealment claims (Causes of One, Two, and Three).

**IT IS SO ORDERED.**                    Initials of Deputy Clerk:  mku